UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLENN CALVIN DAMOND (#394537)

VERSUS                                           CIVIL ACTION

TAKIYAH SANDERS, ET AL                           NUMBER 09-945-JVP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 17, 2009.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLENN CALVIN DAMOND (#394537)

VERSUS                                          CIVIL ACTION

TAKIYAH SANDERS, ET AL                          NUMBER 09-945-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Master Sgt. Takiyah Sanders, Linda Ramsay, Warden Steve Rader, Deputy Warden Kenny Booty, Lt. Col. Scott Brumfield and Capt. Deal Graham.  Plaintiff alleged that his reputation was defamed, he was subjected to an excessive use of force, he was issued a false disciplinary report, he was denied due process at a disciplinary board hearing and earned good time credits were forfeited, all in violation of his constitutional rights.  Plaintiff amended his complaint to allege that he was subjected to unconstitutional conditions of confinement. Plaintiff also alleged a tort under state law.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion
> of a party dismiss any action brought with respect
> to prison conditions under section 1983 of this
> title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional
> facility if the court is satisfied that the action
> is frivolous, malicious, fails to state a claim
> upon which relief can be granted, or seeks monetary

> relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915 purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. § 1915 may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that other inmates told him that Sgt. Sanders was spreading rumors about him, which the plaintiff alleged defamed his reputation.

Injury to reputation is not a liberty interest protected under the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 708-709, 96 S.Ct. 1155, 1164-1165 (1976).

Plaintiff alleged that he was subjected to an excessive use of force.  Specifically, the plaintiff alleged that on August 12, 2009, he was handcuffed and ordered to get into the bed of a truck.

Plaintiff alleged while climbing into the bed of the truck, Sgt. Sanders struck him twice on the back of the head.

Plaintiff also alleged that he was subjected to unconstitutional conditions of confinement in cell blocks B and C. Specifically, the plaintiff alleged that his meals were served on food trays which were filthy and decaying.

> Subsection (e) of 42 U.S.C. § 1997e provides:
>
> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the plaintiff's allegations showed that he failed to allege that he sustained any physical injury as a result of the alleged excessive use of force and exposure to the alleged unconstitutional conditions of confinement.

Plaintiff's allegations that he suffered dread, mental anguish, fear and psychological distress falls short of the kind of physical injury required by § 1997e(e).

Plaintiff alleged that he was placed in administrative segregation pending an investigation into wrongdoing.

An inmate may be placed in administrative lockdown pending completion of an investigation into misconduct charges against him. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 (1983).

Plaintiff alleged that he was issued a false disciplinary report for aggravated sex offense, was denied due process at the

disciplinary board hearing, and that he was sentenced to extended lockdown and the loss of 180 days good time credits.

Plaintiff's claim regarding a forfeiture of good time credits must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

Additionally, unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been improperly denied good time credits, he has no damages claim against the defendants cognizable under § 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Plaintiff's claim falls squarely within the Court's holding in *Heck*. Plaintiff's damage claim seeks monetary damages for the deprivation of good time credits and directly calls into question the lawfulness of his confinement. Because the permanent

4

deprivation of his good time credits essentially increases the plaintiff's sentence, a judgment in the plaintiff's favor would necessarily imply that his increased sentence is invalid. *Heck*, 114 S.Ct. At 2372. Yet, the plaintiff failed to show that he has successfully challenged his confinement or sentence in any other proceeding. Plaintiff offered no proof that the denial of his good time credits has been reversed, expunged set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Nor did the plaintiff allege that he has successfully challenged the prison system's refusal to restore the forfeited credits. Therefore, the plaintiff's claim is not cognizable under § 1983 at this time. Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, S.Ct. (1973).

Because *Heck* dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the length of imprisonment has been invalidated, this should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

Plaintiff alleged that Ramsey and Deputy Warden Booty denied his request for Administrative Remedy Procedure, and Warden Rader denied his Disciplinary Appeal.

Plaintiff does not have a constitutional right to receive a favorable response to his administrative grievance or his disciplinary appeal.

Because it is clear that the plaintiff's claim has no arguable basis in fact or in law, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff sought to invoke the supplemental jurisdiction of this court.  District courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it had original jurisdiction.  28 U.S.C. § 1367.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 42 U.S.C. § 1997e(e) and 28 U.S.C. § 1915(e)(2)(B)(i).

It is further recommended that the court decline to exercise supplemental jurisdiction over the plaintiff's state law claims and dismiss these without prejudice.

Baton Rouge, Louisiana, December 17, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE